## J. K. P. Fenner v. Luzerne County, Appellant.

*Statutes—Repeal—Fees of justices of the peace and constables—Acts of April 2, 1868, and May 23, 1893.*

The act of April 2, 1868, P. L. 3, is repealed by the act of May 23, 1893, P. L. 117, so far as relates to the fees of aldermen, justices of the peace and constables elected or appointed in Luzerne county, subsequent to the passage of the last mentioned act.

Argued April 17, 1895. Appeal, No. 459, Jan. T., 1895, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1894, No. 1145, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Case stated to determine the validity of fees charged by a justice of the peace elected for the borough of Ashley, Luzerne county, in February, 1894.

LYNCH, P. J., filed the following opinion:

" The only question to be decided in this case is, does the act of May 23, 1893, P. L. 117, repeal the act of April 2, 1868, P. L. 3, so far as it relates to the fees of justices of the peace elected in Luzerne county, subsequent to the passage of the later act.

" A reading of the act of 1868 and its title leaves little doubt that is was intended by the legislature to make the law general and applicable to all counties of the commonwealth; but three

provisos added to the last section limit its operation to all but
six of the counties. It would seem, therefore, under the decis-
ion in Davis v. Clark et al., 106 Pa. 377, and many other cases
since, that the act of 1868 is local. Still it provided for the
fees of officers in nearly every county in the state, including
Luzerne. The tenth section fixes the fees to be received by
justices.

" The preamble in the act of 1893 declares: ' Whereas, no
general fee bill for justices of the peace has been enacted since
the act increasing the jurisdiction of justices.'

" ' And whereas, no uniform fee bill for the several counties
throughout the commonwealth of Pennsylvania now exists
relating to justices of the peace, magistrates, aldermen and
constables.'

" The first section provides, ' that there shall be uniformity
throughout the commonwealth in the charges of justices, etc.
The act then specifies the fees, in nearly all cases differing from
the act of 1868, allowed for services rendered.

" ' A preamble is said to be the key of the statute, to open
the minds of the makers as to the mischiefs which are to be
remedied, and the objects which are to be accomplished by the
provisions of the statute : ' 2 Bouv. Dic. 364, 11th ed.

" The mischief which the legislature intended to remedy by
the act of 1893 was the want of uniformity in fees charged
and received for the same service in different parts of the state.
Why should there not be the same fee for the same service in
the whole commonwealth? If the preamble, a consideration of
the whole act and the good sense of the thing are to prevail,
the act of 1893 must be held to have repealed the earlier act.
In other words, the act gives compensation for services rather
than for ability to successfully lobby a local bill for increase of
unearned fees.

" Again, the last section of the act of 1893 repeals all acts or
parts of acts in force at the date of its passage inconsistent with
its provisions.

" The provisos of the act of 1868 do not include Luzerne
county. If, therefore, the act of 1893 does not apply to this
county and to that extent repeal the earlier act, to what part
of the state is it made applicable? Any other construction
than that here given would nullify the act entirely. There is
no necessity or excuse for such extreme and technical views.

" If authority is deemed necessary for what seems so plain it will be found in Quinn v. Cumberland Co., 162 Pa. 55 ; Commonwealth v. Weir, 165 Pa. 284 ; Commonwealth v. Schneipp et al., 36 W. N. C. 102.

" It being the opinion of the court that the act of April 2, 1868, is repealed by the act of May 23, 1893, so far as it relates to the fees of justices of the peace elected in the county of Luzerne, subsequent to the passage of the act of 1893, judgment is now entered in accordance with the provisions of the case stated, in favor of the plaintiff and against the defendant for $3.10 being the amount to which he is entitled for services rendered by him, as set out in the bill under the act of 1893."

*Error assigned* was entry of judgment for plaintiff.

*Joseph Moore,* for appellant, cited : Cumberland County v. Boyd, 113 Pa. 52 ; Erie & N. E. R. R. v Casey, 26 Pa. 323 ; Kirk v. Dean, 2 Binney, 348 ; Com. v. Marshall, 69 Pa. 328 ; York Co. v. Crafton, 100 Pa. 619.

*John T. Lenahan* and *Hart & McGroarty,* for appellee were not heard, but cited in their printed brief : Malloy v. Com., 115 Pa. 25 ; Queen v. Champreys, L. R. 6 C. P. 125 ; Brown v. Commissioners, 21 Pa. 37 ; Eby's App., 70 Pa. 314 ; Penna. R. R. v. Riblet, 66 Pa. 164 ; Quinn v. Cumberland County, 162 Pa. 55 ; Com. v. Weir, 165 Pa. 284 ; Com. v. Macferron, 152 Pa. 244.

PER CURIAM, April 29, 1895 :

The question presented by the case stated is whether the act of April 2, 1868, P. L. 3, was repealed by the act of May 23, 1893, P. L. 117, so far as relates to the fees of aldermen, justices of the peace and constables elected or appointed in Luzerne county, subsequent to the passage of the last mentioned act. The learned judge of the court below held that it was, and he accordingly entered judgment against the defendant for fees under said act of 1893.

For reasons given in his opinion we are satisfied there was no error in so doing, and the judgment is therefore affirmed.