[No. 1583, October 14, 1913.]

O. LORENZINO, Appellant, v. STATE OF NEW MEX-
ICO ex rel., JOHN JAMES, Appellee.

### SYLLABUS (BY THE COURT)

1.   Under section 4, chapter 115, S. L. 1905, where liquor is.
being sold "outside of the locality for which such license was
granted," it is the duty of the board of county commissioners
to cancel the license, and such board has no discretion in the
matter, where the facts exist, which authorize the cancel-
lation.

P. 244

2.   The word "may," as used in the statute, is employed in
the sense of "shall."

P. 244

3.   The board of county commissioners, in determining the
fact as to whether liquor is being sold outside of the locality
for which the license was granted, acts only in a ministerial
capacity; and, where the facts upon which it acts are not
disputed, mandamus is the proper remedy to compel the can-
cellation of a liquor license, where liquor is being sold there-
under outside of the locality for which such license was.
granted.

P. 244

4.   Section 4129, C. L. 1897, construed, and held not to au-
thorize the cancellation of a liquor license.

P. 245.

Appeal from the District Court of McKinley County;.
Herbert F. Raynolds, District Judge; affirmed.

Lorenzino v. James, 18 N. M. 240.

A. T. HANNETT, Gallup, New Mexico, for appellant.

Decision of the county commissioners, in view of the discretionary power vested in the board, is not reviewable on mandamus. Laws 1905, chap. 115, sec. 4; Dillon on Municipal Corporations, sec. 1489; Kimberlin v. Commission, 104 Fed. 563; Friel v. McAdoo, 181 N. Y. 588; Spelling, Extraordinary Remedies, sec. 1368; 19 A. & E. Enc. L. (2nd Ed.)

The existence or non-existence of an adequate remedy at law is a test to which the alternative writ must be put before the peremptory writ will issue. State v. Mayor, 4 Neb. 260; C. L. 1897, sec. 4129; Laws 1905, chap 115. sec. 4; People v. Green, 64 N. Y. 499; Bailey v. Lawrence, 51 N. W. 331.

Mandamus is a harsh remedy and is to be substituted for the ordinary proceedings only in extraordinary cases. Blair v. Maryle, 80 Va. 485; State v. New Orleans R. R. Co., 42 La. Ann. 138.

M. E. HICKEY, Albuquerque, N. M., for appellee.

The Court did not err in overruling the respondent's motion to quash the alternative writ of mandamus. The words "at" and "in" are often used as synonymns. Graham v. State, 1 Ark. 171; Kaler v. Tufts, 81 Mo. 63, 16 Atl. 367; Rogers v. Galloway Female College, 64 Ark. 637, 44 S. W. 454-55.

If license was used outside of the Diamond Mine the board had authority to revoke it. Laws 1905, chap. 115, sec. 4.

Court did not err in finding that the relator had no plain, speedy, and adequate remedy at law. Chap. 115. Laws 1905, amends section 2124, C. Laws 1897, and repeals section 1129, C. L. 1897.

Injunction, to abate a public nuisance, cannot be maintained by an individual unless he can show conclusively that he has received special injury or loss from such public nuisance. N. P. Ry. Co. v. Whalen, et al., 149 U. S. 457. 37 L. Ed. 689.

Court did not err in finding that it had a right and power to review the action of the Board of County Commissioners. Ex parte Crane, 5 Pet. 190; Ex parte Bradley, 19 L. Ed. 218; Wood v. Strothers, 18 Pac. 768.

Each aggregation of individuals living in close proximity, as is customary in village life, must be treated as a village. State v. Meek, 67 Pac. 77, (Wash.); Territory v. Stewart, 23 Pac. 408, (Wash.); In re Edgewood Borough, 18 Atl. 646, (Penn.)

The word "may," although permissive in form, is in reality mandatory and should be read as though it were "shall," instead of "may." People v. Commissioner of Highways, 130 Ill. 482, 82 N. E. 596; Supervisors of Rock Island Co. v. U. S., 71 U. S. (4 Wall) 435, 18 L. Ed. 419.

Reply brief for appellant.

Appellant had a right to appeal from the decision of the District Court. Laws 1907, chap. 57, sec. 1; In re Meade's Estate, 49 Pac. 5; Wier v. Gland, 88 Ill. 490; Pierce v. Gould, 143 Mass. 234; Noland v. Johns, 108 Mo. 431; Henry v. Jeans, 47 Ohio St. 116.

Appellant had sufficient interest in the subject matter of the suit to entitle him to become a party to said suit or to appeal. McFarland v. Pierce, 151 Ind. 546; Tillinghast v. Brown University, 24 R. I. 179.

An amendatory statute repeals only in so far as it conflicts with the statute amended. There is no conflict between these two statutes. C. L. 1897, sec. 4129, and sec. 4, chap. 115, Laws 1905.

Even though this statute were not in effect, running a saloon under a void license or in defiance of the statutes is a public nuisance, which was a crime at common law and indictable as such, and could be abated. Bishop New Crim. Pro., vol. 2, sec. 871; 60 Pa. 367; 1 Bishop New Crim. Pro., sec. 275, sub-div. 3.

## OPINION OF THE COURT.

ROBERTS, C. J.—The principal question involved in

this appeal is, whether mandamus is an available remedy, to compel the revocation by the board of county commissioners of a liquor license where liquor is being sold thereunder, "outside of the locality for which such license was granted." The lower Court granted the writ, upon an agreed statement of facts. By the statement it was stipulated that the facts stated in the petition filed with the board of commissioners, were to be taken as true by the District Court. In the petition it was averred that the building where liquor was being sold under the license sought to be cancelled, was not "within the limits of said village," of Diamond Camp, where the licensee was authorized to sell intoxicating liquor. The holder of the license prosecutes this appeal, and for a reversal of the cause presents three propositions, which may be stated as follows:

(1) In determining whether the license should be cancelled, the board of county commissioners act judicially, and, therefore, mandamus will not lie. (2) Relator had an adequate remedy under section 4129, C. L. 1897, and could not, therefore, maintain this action, and (3) that the building where liquor was being sold under the license, was not within the limits of the village. In view of the stipulation, however, appellant is concluded as to the third proposition.

The first question is based upon the construction of sec. 4, chap. 115, S. L. 1905, which reads as follows:

"Any retail liquor license granted as provided for by law may be revoked by the board of county commissioners of the county wherein the same was or is issued, for the purpose of conducting a saloon outside of any incorporated village, town or city, when any saloon is conducted therein, and the license money paid shall be forfeited, for the following reasons, to-wit: *Provided,* That the authorities mentioned herein, upon a hearing given any person so licensed, shall be satisfied that such person has violated any of the provisions specified in said license, or by selling or attempting to sell retail liquor aforesaid outside of the locality for which such license was granted, or if such person is conducting a disorderly or ill-governed saloon

house or place, or a place of resort for idle or dissolute persons, or conducts any gambling therein without having a license therefor, or by permitting women to frequent such saloon."

Appellant argues, first, that the legislature, by the use of the word "may," in conferring upon the board the power to revoke the license, intended to invest the board with the discretion to revoke the license, at its pleasure, even though the license was being used in violation of the terms of the act. Such construction, however, is erroneous, and it is plainly apparent that the word "may" was used in the sense of "shall." While the word "may," as used in the statute, is permissive in form, in reality it is mandatory and must be read in the sense of "shall," in order to give effect to the legislative intention. If the word is permissive, then boards of county commissioners could permit intoxicating liquors to be sold at any place, within their jurisdiction, without regard to population. Such was never the legislative intent.

"The word "may" in a statute will be construed to mean 'shall' whenever the rights of the public or third persons depend upon the exercise of the power or the performance of the duty to which it refers. And such is its meaning in all cases where the public interests and rights are concerned or a public duty is imposed upon public officers, and the public or third persons have a claim *De Jure* that the power shall be exercised." People v. Commissioner of Highways, 130 Ill. 182, 22 N. E. 596; Supervisors of Rock Island Co. v. U. S., 71 U. S. 435.

It, therefore, follows that the board of commissioners had no discretion in the matter of the cancellation of the license, if, in fact, it was being used outside of the locality for which such license was granted. It is true the board was required to determine whether the facts existed, which required the cancellation of the license, but in so satisfying itself that the state of facts existed, which required the cancellation of the license, it acted only in a ministerial capacity.

A duty to be performed is none the less ministerial be-

cause the person who is required to perform it may have to satisfy himself of the existence of the state of facts under which he is given his right or warrant to perform the required duty. Board of Commrs. v. State ex rel. Brown, 147 Ind. 476; Flournoy v. City of Jeffersonville, 17 Ind. 169; Wilkins v. State, 113 Ind. 514; State v. Johnson, 105 Ind. 463; Mayor, etc., v. Dean et al., 62 Ill. App. 41. The board, in informing itself, therefore, as to facts, upon which it was required to act, did not act judicially, but only in a ministerial capacity, and where the facts are admitted, as in this case, mandamus is the proper remedy to compel the cancellation of the license by the board, if the relator had no other adequate or specific remedy to secure the enforcement of the right and the performance of the duty which he sought to coerce. Harleson v. South San Joaquin Irr. Dist., 128 Pac. 1010 (Calif.)

This brings us, therefore, to a consideration of the question as to whether relator could have resorted to some other legal remedy and thereby have secured the cancellation or revocation of the license. It will be noted that the statute above quoted does not provide for any appeal, or review by any court of the action of the board of commissioners. Appellant contends, however, that relator had an adequate and effective legal remedy, under section 4129, C. L. 1897, which reads as follows:

"Any place where liquor is sold, or in any way disposed of, in violation of this act, is hereby declared to be a public nuisance, and shall be abated as such, upon information or complaint filed before any court of competent jurisdiction."

but it will be noted that the above section of the statutes does not provide for the cancellation of the license, but only for the abatement of the "place." Under this section the court could prohibit the selling of liquor at the place, where it was sold in violation of the act, but would have no power to cancel the license under which it was sold. In the present case the relator might properly have proceeded under this section to abate the selling of liquor

at the place complained of, but the license held by respondent would have continued in full force and effect and might have been used properly in the place for which it had originally been issued.    The statute in question did not, therefore, afford an adequate remedy, to accomplish the purpose sought in this proceeding.

Finding no error in the record, the judgment is affirmed, and it is so ordered.

[No. 1597, October 14, 1913.]

Ex Parte

SYLLABUS (BY THE COURT)

