[No. 3360. Aug. 16, 1928. Rehearing Denied Sept. 28, 1928.]

ARTESIA ALFALFA GROWERS' ASS'N. et al. v. ATCHISON, T. & S. F. RY. CO. et al.

[270 Pac. 796.]

R. C. Dow, Atty. Gen., for Corporation Commission.

Reid, Hervey & Iden, of Albuquerque, for defendants.

## OPINION OF THE COURT

PARKER, C. J.   This is a case appealed from the State Corporation Commission.   The commission fixed certain maximum rates on coal from Northern and Western New Mexico mines to points in Eastern New Mexico, which were found by it to be reasonable and duly compensatory.   We have not the benefit of briefs or argument by the railroads, there being simply the brief filed before the commission prior to its determination.   If we understand this brief, it is to the effect that the rates established by the railroads are less than reasonable, and that while they are one dollar per ton higher than rates prescribed by the Interstate Commerce Commission from Colorado mines to Kansas points for like distances, this is proper on account of operating conditions, density of traffic, and return movement of empty cars, which are sufficient to justify the rates.   The railroads rely upon Colorado & New Mexico Coal Operators' Association v. D. & R. G. W. R. R. Co. et al., 98 I. C. C. 377, and Consolidated Southwestern Cases, 123 I. C. C. 203, 384. We find in these cases nothing contrary to the findings of the commission.   The commission has simply adopted the short line rule in computing distances, as was done in Holmes & Hallowell Co. v. Great Northern R. Co. et al., 69 I. C. C. 11, and has considered all of the elements involved in determining a just and duly compensatory tariff for freight shipments between the points involved.

We therefore approve and affirm the findings of the State Corporation Commission and direct that the defendants forthwith put into effect the said rate, as in the said order of the State Corporation Commission they were commanded to do, and it is so ordered.

BICKLEY and WATSON, JJ., concur.

## ON MOTION FOR REHEARING

PARKER, C. J. As stated in the original opinion, we have not the benefit of briefs or argument by the railroads. In fact, this court expressly requested their attorneys to file briefs and to specify wherein the order of the commission was confiscatory or unjust. They expressly declined to do so. Under those conditions, we considered that no duty rested upon this court other than to give legal and formal effect to the commission's order. This condition distinguishes the present case from Seward v. D. & R. G. R. R. Co., 17 N. M. 557, 131 P. 980, 46 L. R. A. (N. S.) 242, wherein we held that the findings of the commission could have no force or effect in this court.

The companies now seek, on motion for rehearing, to attack the commission's order. Such a practice is obviously objectionable, and in view of the public importance of proceedings of this kind, and of the desirability to avoid delays in reaching a final conclusion, we do not think the practice should be permitted.

The motion for rehearing will therefore be denied. However, the original order will be modified to this extent: The order of the commission will go into effect 20 days from the date hereof. It is so ordered.

BICKLEY and WATSON, JJ., concur.