[No. 3381   Jan. 31, 1929.]

## GILLILAND OIL CO. OF NEW MEXICO v. ATCHISON, T. & S. F. RY. CO.

[275 Pac. 93.]

E. C. Iden, of Albuquerque, and Elmer Westlake, R. S. Outlaw, and H. C. Barron, all of Chicago, Ill., for defendant.

### OPINION OF THE COURT

WATSON, J. The Gilliland Oil Company filed with the state corporation commission a complaint alleging that the existing rates on petroleum products from Albuquer-

que to a number of designated points within this state were unreasonable and unjust, and were discriminatory as compared with rates from points without to points within this state, and as compared with intrastate rates in adjoining states.

The commission gave notice of a hearing, and evidence was heard in behalf of both parties. The commission made its report and order, wherein it found that complainant's contentions were sustained by the evidence; determined that the existing rates are unreasonable, unjust, and discriminatory, and set forth a schedule of rates which it found to be reasonable, just, and nondiscriminatory; and ordered said rates into effect. The Atchison, Topeka & Santa Fe Railway Company, the only defendant named, has procured the removal of the proceedings to this court.

Findings by the state corporation commission that rates are just and duly compensatory will be sustained if supported by substantial and satisfactory evidence. Kinney v. New Mexico Midland R. Co., 28 N. M. 451, 214 P. 754; Artesia Alfalfa Growers' Ass'n. v. A., T. & S. F. R. Co., 33 N. M. 468, 270 P. 796.

Defendant does not here contend that the rates established by the order removed are confiscatory, or that they are unjust in failing to award the carrier a reasonable compensation for the service that it·is compelled to perform, or a reasonable return upon its capital 'invested. No attempt has been made to determine directly the cost of the service, or its relation to the returns therefrom. Both parties seem to assume that a proper, if not the only practicable, means of determining reasonable rates is by comparison of them with others where conditions are similar. We find that, in the main, the difference between the parties is that they insist upon different rates to be used as criteria. The commission's order is evidently based upon. comparison with rates in Oklahoma, Kansas, and Colorado, to points in this state. Defendant contends that these rates were fixed and prevail under such greatly different conditions that they cannot properly enter into the problem, and that intrastate rates in West Texas and Arizona, and interstate rates from El Paso, afford a much

fairer and more reasonable basis for comparison. This reduces the question to a narrow compass.

There is substantial evidence that interstate rates in Colorado, Kansas, and Oklahoma are much lower, mile for mile, than those which have recently prevailed in New Mexico; that operating expense per mile is higher in those states than this; and that net revenues per mile are lower. Those rates from Florence, Colo., both intrastate and interstate, which are comparable in the matter of distance with those from Albuquerque, are much lower than the existing rates from Albuquerque, and there is evidence that operating conditions are more favorable from Albuquerque than from Florence, and that the Florence rates were voluntarily established by the carrier. If such comparisons are the proper means of testing the reasonableness of the rates fixed by the commission, it cannot be doubted that its order is supported by substantial and satisfactory evidence. That situation is not disturbed by the fact that the supplanted New Mexico rates compare favorably with those in West Texas and Arizona and from El Paso to points in this state.

Defendant boldly asserts, without pointing to any evidence to support the claim, that the schedule of rates from Florence, Colo., is a case of maladjustment. It is said that this may be determined by a glance at them. This court, however, is not constituted primarily as a rate-making body and, unfortunately, is not able to determine the reasonableness or scientific adjustment of a schedule of rates in that manner.

It is also contended that the much lower intrastate rates in Kansas and Oklahoma are accounted for by the greater volume of that particular traffic and by competition from other roads and from pipe lines. Unfortunately, we have no data by which we may measure the difference in these respects, nor are we furnished with evidence, expert or otherwise, by which we may determine how far these matters enter into the problem.

Defendant points out that the interstate rates from points without to those within this state are now under in-

vestigation, and that the matter of intrastate rates might well await the results of that investigation, in order to insure harmony. This is a matter with which the corporation commission is evidently familiar, and concerning which we know nothing. It would be impracticable for us to interfere with the commission's discretion. It has previously been held that, "if the rate fixed by the State Corporation Commission unduly discriminates against interstate commerce, the Interstate Commerce Commission is the forum before which such a question should be presented." Kinney v. New Mexico Midland R. Co., supra.

In this situation we are of opinion that the order of the state corporation commission must be sustained, and it is hereby ordered that the defendant, within 30 days hereafter, put into effect and thereafter observe the schedule of rates contained in said order.

BICKLEY, C. J., and PARKER, J., concur.