[No. 3492. Oct. 4, 1930.]

JOHN BECKER CO. et al. v. ATCHISON, T. & S. F. RY. CO. et al.

[291 Pac. 919.]

George L. Reese, Jr., of Roswell, for complainants.

G. E. Duffy, E. A. Boyd, and R. S. Outlaw, all of Chicago, Ill., W. C. Reid, of Albuquerque, Del Harrington,

of El Paso, Tex., and H. C. Barron, of Chicago, Ill. (E. E. McInnis, of Chicago, Ill., of counsel), for defendants.

OPINION OF THE COURT

SIMMS, J.

After a rehearing, we have concluded that the original opinion should be withdrawn, and it is so ordered.

By complaint before the corporation commission, certain dealers in coal have charged that the rates from Dawson, Gallup, and Waldo to Albuquerque, Los Lunas, and Belen, in this state, are unjust, unreasonable, and too high on that commodity, and have prayed that reasonable rates be fixed. After hearing the parties and taking testimony, the commission found that existing rates were unreasonably high and ordered a new set of rates on the several grades of coal between the points mentioned, which order the carriers have, by removal, brought here under article 11, § 7, of the Constitution.

Both parties refer to the scale prescribed by the interstate commerce commission in the case of Holmes & Hallowell Co. v. Great Northern Railway Co., 69 I. C. C. 11. The carriers contend that the scale was made to cover an enormous tonnage which moved from Duluth to points in Minnesota and North and South Dakota where transportation conditions were ideal. They say that the mountainous nature of the country over which the shipments here involved must move, considering the grades and curves, the cost of upkeep, the scarcity of traffic, the cost of returning empty cars to the mines, and other conditions which prevail in this territory, all require a greater increase over the Holmes & Hallowell scale than the commission allowed. This increase was approximately 12.6 per cent. which the carriers contend is insufficient. They point to the case of Western Coal Rates, 80 I. C. C. 454, wherein they say the interstate commerce commission found rates which were from 17 to 23 per cent. above the scale to be reasonable in this section of the country.

The complainants point to rates on coal in other states and interstate for hauls which are practically the same distance in miles, and say they are as low or lower than

those fixed by the commission in this case. They refer to certain Montana rates as being considerably lower than those now before us and say that the conditions of transportation are no better there than here. They dispute the fact that the rates they cite are based on materially different conditions in any of the territories served.

We find nothing in the record which gives us, in dollars and cents, the actual cost of hauling the coal between the destinations involved in the schedule. Nor have we any information as to what portion of the total traffic of the carriers is made up of coal shipments. We are therefore obliged to consider the case upon a basis of comparable rates for similar distances, giving to the difference in operating conditions such weight as the circumstances seem to demand and as the evidence may justify. In the recent case of Gilliland Oil Co. v. A., T. & S. F. Ry. Co., 33 N. M. 638, 275 P. 93, we sustained an order of the commission upon testimony of a similar kind.

We conclude that the rates fixed by the commission should be sustained, and the carriers, defendants herein, should be directed to put them into effect within thirty days hereafter, and it is so ordered.

BICKLEY, C. J., and WATSON and PARKER, JJ., concur.

CATRON, J.
I concur in the ultimate result.