219 P.2d 292

STRAWN et al. v. RUSSELL et al.

No. 5270.

Supreme Court of New Mexico.

June 5, 1950.

Otto Smith, Clovis, T. E. Mears, Jr., Portales, for appellants.

Joe L. Martinez, Attorney General, Peter N. Chumbris, Ass't Attorney General, Richard F. Rowley, District Attorney, Clovis, James C. Compton, Ass't District Attorney, Portales, for appellees.

McGHEE, Justice.

On March 2, 1949, the Roosevelt County Board of Education adopted a resolution finding that substantial economies could be effected and the standards of education would be improved by the consolidation of the Hi-way and Dora School rural districts and furnished a copy thereof to the State Board of Education which later issued its order of consolidation, and directed that the consolidated district be thereafter known as "School District No. 39, Dora."

The appellants then instituted this action as residents and taxpayers of Hi-way District to enjoin the defendants from further proceeding with the consolidation, and to have the resolutions of the two boards adjudged to be arbitrary and unreasonable.

The two boards of education acted under the provisions of Sec. 55-1903, 1941 Compilation which reads: "Whenever any county board of education shall determine by resolution that substantial economies can be effected and standards of education improved by the consolidation of any two (2) or more rural school districts within the county and shall furnish a copy of such resolution to the state board of education, the state board of education may order the consolidation of such districts; and likewise, when the state board of education

shall determine and make definite findings at the conclusion of any survey made under the provisions of this act (§§ 55-1901—55-1904) that substantial economies can be effected and the educational standards raised by the consolidation of any two (2) or more school districts, said board may order the consolidation of such districts. (Laws 1941, ch. 123, § 3, p. 193.)"

It appears from the record that due to mechanized farming and a consolidation of farms into large tracts there has been a constant decrease in population in the two districts, with a resultant decrease in the number of pupils attending the Dora and Hiway schools, and this required that the number of teachers be decreased, so that the remaining teachers were compelled to teach too many classes, and thereby the efficiency of the schools was diminished. It also appears that substantial economies in connection with the operation of the schools would follow such consolidation.

Following a lengthy hearing the trial court made the following findings of fact, among others:

2.

"That the evidence adduced by the plaintiffs when considered in a light most favorable to them, failed to establish that the consolidation of the adjoining school districts would not effect substantial economies.

3.

"That the evidence adduced by the plaintiffs, when considered in a light most favorable to them, failed to establish that the consolidation of the adjoining school districts would not improve the standards of education.

4.

"That the discretion exercised by the Roosevelt County Board of Education and the State Board of Education does not appear to have been arbitrary or unreasonable."

It thereupon concluded that the appellant's petition for an injunction should be dismissed.

We have carefully examined the record, and find that there is ample evidence to sustain the findings of the trial court.

It is true, as claimed by the appellants, that it will be necessary for at least two of the school buses to travel a total of approximately 80 miles each day in transporting some of the pupils to and from school, but we can not say, judged by present standards and means of transportation, that this makes the actions of the boards arbitrary or unreasonable. The legislature has given the State Board of Education broad powers in effecting consolidation of rural school districts, and we can interfere only when its action is arbitrary or unreasonable. Yarbrough v. Montoya, 54 N.M.

91, 214 P.2d 769; Kinney v. New Mexico Midland Railway Co., 28 N.M. 451, 214 P. 754; Gilliland Oil Co. v. Atchison, T. & S. F. R. Co., 33 N.M. 638, 275 P. 93.

The appellants cite many cases from other states to sustain their argument that the action of the state board should be enjoined. These cases construe statutes different from ours, none of which grant their boards such power as is granted the New Mexico Board, and a discussion of them would, therefore, not be helpful. We are construing our own statute. Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382.

■ We agree with the appellants that in ordering these consolidations the boards must keep in mind Section 1 of Article 12 of the New Mexico Constitution, which reads: "A uniform system of free public schools sufficient for the education of, and open to, all the children of school age in the state shall be established and maintained."

If the districts are made so large that school children are unable to make the trip to school and back home each day, then they would be denied a free school just as effectively as if no school existed. We are unable to say, however, that the order of consolidation in the present case runs afoul of the quoted constitutional provision.

The pupils of the Hi-way district who go to high school have attended the Dora School for several years and it is unfortunate that the younger pupils must also travel

the extra distance to get to that school, but such is the decision of the school authorities to whom discretion in such matters is granted, and under the record in this case we are unable to stay their hands.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.