320 P.2d 738

Mrs. Frances HARRIETT; Didio B. Salas; Juan F. Ramirez; Mrs. Jess Addington, and Elsie C. Crabtree, individually, and as members of the Socorro County Board of Education, and the Socorro County Board of Education, Plaintiffs-Appellants,

v.

Georgia L. LUSK, individually and as Superintendent of Public Instruction; John Milne; Mary Lucero; Aileen Roat; J. Floyd Miller, and Finn Watson, in person and as members of the New Mexico State Board of Education; J. T. Reece, in person and as Director of Transportation; O. J. Holder, in person and as Educational Budget Auditor; Nettie Harrelson, in person and as County Treasurer of Socorro County; Sam J. Zimmerly, President, Santiago Baca, Vice-President; Danny Romero, member; Mr. Alfred Gilbert, member, Mr. W. Bartee, Secretary, individually and as members of the Socorro Municipal School Board of Education, Defendants-Appellees.

No. 6234.

Supreme Court of New Mexico.

Jan. 13, 1958.

Chaves & Cowper, Belen, Chacon & Melendez, Espanola, for appellants.

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Hilton A. Dickson, Jr., Asst. Attys. Gen., for appellees.

LUJAN, Chief Justice.

Plaintiffs-appellants, acting individually, as members of the Socorro County Board of Education, and the Board acting in its corporate capacity, brought this action seeking injunctive and declaratory relief against the Superintendent of Public Instruction, the Members of the State Board of Education, the Director of Transportation, the Educational Budget Auditor, the County Treasurer of Socorro County, and of the Socorro Municipal Board of Education, all both individually and in their several official capacities. Appellants sought to restrain defendants-appellees from effecting consolidation of public schools of certain rural districts of Socorro County, New Mexico, with Socorro School District No. 1, and to restore to the account of the Socorro County Board of Education the funds originally allocated to it by the original budget, or as much of said funds as remained unexpended.

On January 18, 1954, a survey was conducted to determine the advisability of consolidating certain schools in Socorro County, and the committee returned a report recommending consolidation. The State Board of Education ordered consolidation of the school districts involved on February 5, 1954, but in March of that year an order was entered in the district court of Socorro County enjoining further proceeding in consolidation, which order was dissolved in May, 1955. On July 13, 1955, the State Board of Education adopted a motion to put into effect the action of the Board on February 5, 1954, ordering consolidation, and on August 31, 1955, the

present action was commenced. From a dismissal of the latter action the appellants bring error, principally contending that the action of the State Board of Education in ordering consolidation was void as § 73–20–1, N.M.S.A., 1953 Compilation, had expired by its own terms prior to February 5, 1954, the date of the original order of consolidation; that the consolidation did not become effective until August 23, 1955, and was then subject to the requirements of Laws of 1955, ch. 100, with which the Board did not comply; that the consolidation order failed to follow findings of the survey team, and was arbitrary and capricious, being motivated by personal reasons of the State Superintendent of Public Instruction.

Before considering the merits of this case it is necessary to dispose of appellee's contention that this is a suit against the state concerning which the court is without jurisdiction. However, the defense of suit against the state does not apply in this case and we cannot agree that we are overruling the Arnold and Sedillo holdings.

In Arnold v. State, 48 N.M. 596, 154 P.2d 257, the action involved a direct suit against the State of New Mexico based on a supposed failure of the title in Laws of 1943, Chapter 17, to clearly express that it referred to the provisions of 1941 Compilation, Section 31–116. This was a direct suit against the state and one in which the remedies of mandamus or prohibition would not lie. The supposed basis of unconstitutionality of the statute was only a subterfuge to enlarge an action against the state where one would not lie.

Taos County Board of Education v. Sedillo, 44 N.M. 300, 101 P.2d 1027, involved a problem more in line with the one in the instant case. We said the duties of the Attorney General with reference to the approval or disapproval of certain bonds were ministerial and that mandamus would lie. It would appear that where other remedies as mandamus would lie that declaratory judgment should also lie.

As we interpret Section 73–20–1 of 1953 Compilation, the duty of the State Board of Education to determine the economic feasibility of consolidation of schools not meeting minimum attendance requirements was mandatory. There was no discretion to so determine or not determine. If the board had refused to make the determination mandamus would certainly lie to enforce action on the part of the board as in the Sedillo problem. If the board had acted capriciously in the face of facts clearly indicating such consolidation not to be economically feasible, prohibition would also lie. The situation is similar to Lorenzino v. State, 18 N.M. 240, 135 P. 1172, where the board of County Commissioners necessarily had to determine existence of facts calling for can-

387

cellation of a liquor license. We said this exercise of judgment by the board did not detract from the ministerial character of the duty imposed and that mandamus would be awarded to control the Board's action.

■ The only point in the above analysis is to point out that where other remedies as mandamus or prohibition will lie that declaratory judgment should also issue and would not be an enlargement of actions against the state.

Borchard, Declaratory Judgment (2nd Ed.), as we interpret him, goes farther. The problems discussed in pages 370–374 involve the relation of declaratory judgment to petition of right and claims against the government. A study of the section indicates that the author's only intent is to show that a declaratory judgment action does not permit a claim, as in tort, against the sovereign where such does not exist under other remedies. The question of *constitutionality, validity,* or *construction* of a statute is not involved. This question is discussed in Chapter ten, pages 766–800.

As pointed out in the Sedillo case, New Mexico, adopted substantially, the federal act, 28 U.S.C.A. Section 400, * including the section authorizing action in certain instances where a construction of the state constitution or a statute is called for.

A careful reading of the above section convinces us that an injured party has standing to sue under a declaratory judgment act or any genuine question involving the constitutionality or construction of a statute. Certainly, the Socorro County Board of Education had such standing in the instant case. Indeed, on the basis of Borchard and Section 22–6–3 of 1953 Compilation we are convinced that we need to limit the holding in the Arnold case, and that the construction of a statute can be attacked on both formal or substantive grounds by a party with standing to sue. See, Borchard, supra, page 772.

See, also, Anderson, Actions for Declaratory Judgment (1951), Section 621, page 1425, where it is stated:

"Validity of statutes conferring powers and imposing duties on boards of education and institutions of learning within the state, with respect to fiscal management of schools, classification of students, and financing and construction of buildings, and like questions, will be determined in a declaratory action."

■ Appellants place considerable stress on the last sentence of Chapter 38, § 1, Laws of 1945. The act in question provided for consolidation of schools under certain conditions and the final sentence read:

"  *  *  *  The provisions of this act are to be in effect only for the duration of the present war with Germany and Japan and for one (1) full school term thereafter."  .

Appellants argue that the order of consolidation of the State Board of Education on February 5, 1954, under the above act was invalid as the act providing authority for such consolidation had expired by its own terms due to ending of the war with Germany and Japan some years prior. That the war had ended some years prior to the Board's action is admitted by appellees, and if the last sentence of the law in question could be taken as applying to all acts providing for consolidation of schools, our task would be simple.

Laws of 1945, Chapter 38, served to amend § 55–1901, N.M.S.A., 1941 Compilation, which provided for transportation of children to other schools when the average daily attendance of any school fell below "12" in elementary grades and "30" in high school grades. The amending act substituted "8" for "12" and "15" for "30". When schools fell below the required daily average attendance, transportation was to be made to other schools where feasible and proper educational facilities were available. Appellants do not contend that the consolidated schools in question met the daily average attendance of either the 1941 law or the 1945 law, but rather that the last sentence of the 1945 amending act caused both laws to expire. With this we cannot agree.

The legislature apparently realized that during the war years consolidation on the basis of normal years' average attendance requirements would destroy some school that would be needed in non-war years due to a return of population from military service and defense industries. The preamble to chapter 38, Laws of 1945, read as follows:

"Whereas, the rural communities of the State are now in many instances faced with virtual loss of rural elementary and secondary educational facilities under existing law, by reason of temporary population shifts due to war conditions, therefore  *  *  *."

The title to that act stated:

"An Act Amending Section 55–1901 of The New Mexico Statutes Annotated, Compilation of 1941, Relating to Average Daily Attendance in the Rural Elementary and Secondary Schools of the State, for the Duration of the Present War And One Full School Term Thereafter,  *  *  *." (Emphasis added.)

The preamble may be used to clarify an act and aid in its interpretation. See Continental Oil Co. v. City of Santa Fe, 1918, 25 N.M. 94, 177 P. 742, 3 A.L.R. 398. The title may also be utilized as an aid in determining the intention of the legislature and to resolve doubts as to meanings. See

State v. Moore, 1936, 40 N.M. 344, 59 P.2d 902. When the entire act is read together, the only possible construction that can be made to harmonize its parts is that the legislature intended that the amendment of 1945 was to be effective for the duration of the war and one full school term thereafter, and that following this period the amendment was to end and the original act would then continue unamended. This was undoubtedly the thinking of the 1955 Legislature in further amending the act, as the title to chapter 100 indicates that § 73–20–1, N.M.S.A., 1953 Compilation (being chapter 123, Laws of 1941), an existing law was being amended. We so hold.

Appellants seem to argue that inasmuch as all recommendations of the survey committee were not complied with that the acts of the Board and Superintendent of Public Instruction were therefore unlawful. As we interpret chapter 123, Laws of 1941, the survey committee was to determine when schools did not meet the daily average attendance requirements and whether consolidation would be feasible. The State Board of Education could then prevent consolidation by determining it not to be feasible. Otherwise, consolidation would have been mandatory under the law. As appellants do not contend that the schools involved met the daily average attendance requirements under New Mexico laws, the State Board of Education was acting within its powers in ordering the consolidation in question. Additional recommendations by the survey team were surplusage.

Appellants contend in the alternative that the act of the State Board of Education in ordering consolidation did not meet the requirements of the Laws of 1955, Chapter 100, § 1. The law in question, 73–20–1, N.M.S.A., Supplement, did make some changes with regard to the composition of survey teams and it is true that a survey was not made in keeping with the 1955 Act. However, we do not construe the resolution of the State Board of Education in July, 1955, as an order of consolidation under the 1955 law. The resolution provided as follows:

"Dr. J. Floyd Miller moved that additional steps be taken to put into effect immediately the action of the former State Board of Education of February 5, 1951, with reference to School Districts in Socorro County."

From the language employed it is clear that the State Board of Education did not deem it necessary to order a consolidation of Socorro County Schools, but rather to take additional steps to complete a consolidation in fact begun under the 1945 law. The order of the Superintendent of Public Instruction and of the Education Budget Auditor was to the same effect.

Suppose that everything had been done to consolidate the schools involved but the

purchase of one school bus? Could one then argue that because consolidation was not complete in fact that consolidation would have to be begun all over under the 1955 Act? We think not. The later act did not destroy consolidation begun under former laws, but merely made amendments relating to future consolidation orders whenever the Board should deem such to be necessary.

The Superintendent of Public Instruction had full authority to complete the consolidation of the schools in question under the order of February 5, 1954, and the Board's action in 1955 was merely an additional stimulus for her to act. It was entirely unnecessary to lawfully effect consolidation. The Superintendent later acted by authority of the 1954 order, and as to her the 1955 act did not apply in this instance. The trial court found as follows:

"* * * The resolution by the State Board made February 5, 1954, was effective and under the law existing at that time, amounted to a valid resolution for consolidation, and that the resolution by the Board in 1955 merely for the purpose of carrying the previous one into effect, * * * would not affect the legality of the consolidation previously made."

We must sustain the findings of the trial court. The consolidation of the Socorro County Schools was effective as of February 5, 1954, and was not controlled by the 1955 act.

Neither does the contention that the resolution and order of consolidation was arbitrary and capricious influence us. Whatever may have been the motivations involved, the facts are overwhelming that the daily average attendance requirements were not met, that the survey determined consolidation feasible, that the Board of Education determined such to be true and accordingly so ordered. As we stated in Strawn v. Russell, 1950, 54 N.M. 221, 219 P.2d 292, 293:

"The legislature has given the State Board of Education broad powers in effecting consolidation of rural school districts, and we can interfere only when its action is arbitrary or unreasonable."

As the laws were fully complied with and taking the evidence in the light most favorable of appellants, we cannot say in this instance that the action of consolidation was arbitrary or unreasonable.

Having found that the State Board of Education acted under a valid statute, and by resolution on February 5, 1954, consolidated the schools in question, we need not consider other points raised by appellants and sustain the action of the court below in dismissing the action.

It is so ordered.

COMPTON, J., and DAVID W. CARMODY, District Judge, concur.

McGHEE, J., dissenting.

SADLER, J., not participating.

McGHEE, Justice (dissenting).

In my opinion, this is a suit against the State of New Mexico and because of lack of its consent should be dismissed. I believe the majority opinion is directly contrary to our holdings in Arnold v. State and Taos County Board of Education v. Sedillo. Mr. Justice SADLER was of the same opinion prior to his illness.