CHARLOTTE JACOBI, APPELLANT, v. THE BOARD OF EDUCATION OF MORRISTOWN, IN THE COUNTY OF MORRIS, RESPONDENT.

Submitted December 8, 1919—Decided March 1, 1920.

A written contract was made between an owner and contractor for the erection of a building. The contract contained a covenant that if the contractor defaulted the owner could enter and take all materials on the ground and use them in the completion of the building. The contractor sublet a part of the work to another who shipped the material he expected to use to his own order, to be delivered on the premises, and it was delivered. Before the subcontractor used the material the original contractor defaulted and the owner took possession of the materials of the subcontractor and used them to complete the original contract. The only evidence of transfer of title to the contractor was the delivery of the material on the ground in the manner above set out, and the fact that the subcontractor had charged on his books of account the amount of the entire contract price to the contractor. *Held*, that these facts did not permit an inference that the subcontractor had passed the title of his material to the contractor, so as to subject them to the terms of the principal contract, and, therefore, no jury question was presented on the question of title and its submission to the jury was error.

On appeal from the Supreme Court.

For the appellant, *Reed & Reynolds.*

For the respondent. *Vreeland & Wilson.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff in this suit is the assignee of a chose in action of H. W. Palen's Sons, a subcontractor of P. F. Kenny & Company, which had entered into a contract with the board of education of Morristown, in the county of Morris, to provide all the materials and to do and perform all the work required in the general construction of a new high school building in Morristown, New Jersey. The part of the contract pertinent to the present issue provided that if the contractor should refuse or neglect to prosecute the work with promptness, the school board, called the owner, should be at liberty, three days after a service of a written notice upon the contractor of its intention so to do, to terminate the contract, and enter upon the premises for the purpose of completing the work, "and to take possession, in whole or in part, of any or all materials, tools, and appliances thereon, and to employ any other person or persons to finish the work, * * * and to deduct the expenses incurred therefor from any money then due, or to become due, to the contractor under this contract." The contractor entered into a written agreement with H. W. Palen's Sons to furnish all the materials and perform all the carpenter work required in the erection and entire completion of the building according to the original contract and specifications. This contract provided that if the subcontractor failed to perform, the general contractor should be at liberty to terminate the employment, and to enter upon the premises and take possession of and use, for the purpose of completing the work under the subcontract, all materials, tools, and appliances thereon and to employ other persons to finish the work. The original contractor having defaulted, the owner took possession of certain materials which the subcontractor had sent to the premises for the purpose of performing his contract, and they were used by the owner in the completion of the building. The subcontractor, through its assignee, brought suit to recover for the materials so taken and used. At the close of the case the plaintiff moved for a direction

in her favor, which the trial court refused and instructed the jury that if, at the time the defendant took the materials upon the premises which had been shipped there by Palen's Sons, they found that the title had passed to the original contractor, then the defendant had a perfect right to take the materials, but if the subcontractor had retained the title then the defendant was bound to account for the materials taken. The jury found for the defendant, and this appeal was taken by the plaintiff. The only evidence in the case from which an inference could be drawn that Palen's Sons had passed the title of their materials to the original contractor was that they had shipped the material in dispute to the premises consigned to themselves with the expectation of using it in the execution of their contract with the principal contractor, and the further fact that the subcontractor had charged in his books of account the full amount of the contract price against the original contractor.

As to the first point there was not a particle of evidence to go to the jury upon the question of the transfer of title from Palen's Sons to the Kenny company, the original contractor. All the proof shows is that Palen's Sons shipped the goods to the premises consigned to themselves, and until they were incorporated in the building, or there was some act on the part of the subcontractor which indicated, or permitted an inference, that the title had passed to the contractor, the material remained the property of the shipper. The trial court apparently misunderstood the effect of the opinion of Justice Swayze for this court in *Wildwood Board of Education* v. *Bright et al.*, reported in 91 *N. J. L.* 579, for he said in denying the motion for a direction for the plaintiff, "I am more influenced by Mr. Justice Swayze's opinion than I am by anything else, because it is a New Jersey case, and because the facts are somewhat similar to those in this case." In the Wildwood case there was a delivery of the goods, but the defence was that it was a conditional sale and that no title passed by the delivery because of the condition, which was that the contractor to whom the

goods had been delivered, acquired no title until he had paid for the goods, part of which had been delivered and the balance of the delivery under the contract refused, until after a subsequent agreement was made that they should be delivered and paid for upon inspection, but there being in that case à dispute about the facts relating to the condition of sale, this court held that a jury question was presented. In the case under consideration there are no disputed facts, and on the point now being considered it is not denied that the goods were consigned to the subcontractor to be delivered to it on the premises, and this does not permit of an inference that the title to the goods had passed from the consignor to the original contractor. Nor is a transfer of title of the material to be inferred from the fact that Palen's Sons charged the entire contract price to the contractor; that act passed no title, and without the performance of the contract that would be no evidence of any claim against the contractor; it was nothing more than a memorandum that they had made a contract they expected to fulfill, and did not prove that it had passed the title of the material which the subcontractor expected to use in completing its contract to the principal contractor. There being no evidence of any transfer of title to the contractor of the goods taken by the owner, the plaintiff was entitled to a direction as the case then stood.

The judgment will be reversed, and a new trial awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS; TAYLOR, GARDNER, ACKERSON, JJ. 15.