JANUARY TERM, 1918. 333

State ex rel. Sedillo v. Sargent, 24 N. M. 333.

[No. 2136, March 5, 1918.]
STATE ex rel. SEDILLO v. SARGENT, State Auditor.

## SYLLABUS BY THE COURT.

1. Where the validity of a statute is questioned on the ground that it is unconstitutional, it is the duty of the court to uphold the statute when the conflict between it and the Constitution is not clear, and the implication always exists that no violation of the Constitution has been intended by the legislature. P. 337

2. In construing statutes, if the meaning thereof is doubtful, the title, if expressive, may have the effect to resolve the doubts by extension of the purview or by restraining it, or to correct an obvious error. P. 337

3. Section 27, art. 4, of the state Constitution does not prevent the Legislature from appropriating money to pay for services rendered the state by a servant or contractor outside the scope of his previous employment. Where the Legislature of 1915 (Laws 1915, c. 86, § 1) appropriated the sum of $2,000 to pay a named individual for translating from English into Spanish the Code adopted at the session, which Code so adopted did not include the prefatory matter, nor index, accompanying the English publication, and such party voluntarily translated such additional matter and read proof and corrected the same on the Spanish publication, and incurred expenses not contemplated by the original appropriation, a succeeding Legislature could constitutionally appropriate money to pay for such extra services. P. 337

4. Section 1, c. 28, Laws 1917, construed. Held, that such section does not appropriate money, as extra compensation contrary to section 27 of article 4 of the Constitution.                                    P. 337

Hanna, C. J., dissenting.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Mandamus by the State of New Mexico, on relation of A. A. Sedillo, against William G. Sargent, State Auditor. Judgment for relator, and defendant appeals. Affirmed.

H. L. PATTON, Atty. Gen., for appellant. F. W. CLANCY, of Santa Fe, for appellee.

OPINION OF THE COURT.

ROBERTS, J. A. A. Sedillo, applied to William G. Sargent, state auditor of New Mexico, for a warrant for the sum of $1,500 authorized to be paid to the said Sedillo under the provisions of chapter 28 of the Laws of 1917. The auditor refused to issue such warrant on the ground that the said chapter was an unconstitutional enactment. Sedillo thereupon applied to the district court of Santa Fe county for a writ of mandamus to compel the auditor to draw the warrant. The auditor made a return to Sedillo's application, setting up the invalidity of the act. The trial court sustained the application of Sedillo, and, in a final judgment, ordered that a peremptory writ issue unto the auditor. From such judgment the state auditor appeals.

The Attorney General contends that section 1 of chapter 28 of the Laws of 1917 violates section 27 of article 4 of the state Constitution. This section, so far as pertinent, reads as follows:

"No law shall be enacted giving any extra compensation to any public officer, servant, agent or contractor after services are rendered or contract made.

The Legislature of 1915 adopted the present Code, which, as adopted, embraced sections 1 to 5901, inclusive. The same Legislature, in the general appropriation bill (section 1, c. 86, Laws 1915) provided:.

"For translating into Spanish, under the supervision of A. A. Sedillo, of the codification of the laws of New Mexico adopted at this session, $2,000." ·

Thereafter Hon. S. B. Davis, Jr., and Judge M. C. Mechem, who compiled the Code, annotated the same and prepared an exhaustive and thorough index. They likewise prefaced the Code with the Constitution of the United States of America and amendments thereto, the treaty of peace between the United States and Mexico at the city of Guadalupe Hidalgo, February 2, 1848, the Gadsen Treaty between the United States and Mexico, the Organic Act establishing the territory of New Mexico, the Enabling Act for the state, and the Constitution adopted January 21, 1911, which was also annotated.

Both the Spanish and English languages being spoken and used in the state, and a portion of the population not being able to understand both languages, it has been the uniform practice to publish all laws in both Spanish and English; and in all revisions and compilations of statutes heretofore published the volume in either language has been the exact counterpart of the other, including prefatory matter, indeces, and annotations. After the compilers of the present Code had prepared the same for publication, as stated, Mr. Sedillo, appellee, in order to make the Spanish edition as full and complete as the English edition voluntarily translated all the prefatory matter, annotations, and index. Both editions of the Code were printed by a firm in Chicago, and the printers were unfamiliar with the Spanish language, and it was necessary, or at least Mr. Sedillo so assumed, that some one familiar with the Spanish language should read proof on the Spanish edition. This task he undertook and performed, and in and about this

work made three or four trips to Chicago at his own expense.

The Legislature in 1917 enacted chapter 28, the title to which act reads as follows:

"An act appropriating the sum of one thousand five hundred ($1,500.00) dollars to pay A. A. Sedillo for expenses sustained and extra work done and services performed in connection with the translation into Spanish of the 1915 codification of the laws of New Mexico, and other printed matter contained in the Spanish edition of the New Mexico Statutes Annotated, codification of 1915, including the prefatory matter, annotations, code and indexes, in said volume contained and other than the 1915 Session Laws."

Section 1 of the act read as follows:

"There is hereby appropriated the sum of one thousand five hundred ($1,500.00) dollars to be paid to A. A. Sedillo on account of expenses sustained and extra work done and services performed by him in connection with the translation and preparation for publication of the Spanish edition of the 1915 codification of the laws of New Mexico; and the state auditor is directed to draw his warrant therefor, payable out of any funds in the treasury not otherwise appropriated."

Appellant concedes the power of the Legislature, under the constitutional provision quoted, to appropriate money to pay for the work performed by Mr. Sedillo not within the contemplation of section 1 of chapter 86, Laws 1915; but he contends that the appropriation made by section 1 was, in part at least, for services performed by Mr. Sedillo in connection with the translation of the Code proper, as adopted in 1915. Some of the State Constitutions have provisions which forbid the appropriation of money for services already rendered, but our constitution contains no such inhibition. It only prevents the giving of any extra compensation to a contractor, public officer, etc., after the services are rendered or the contract made, and necessarily refers to extra compensation for that which is contracted to be performed or for which the services are required. It

does not prevent the Legislature from recognizing a moral obligation nor from paying for work performed outside the requirements of a contract.

[1] It is well settled that it is the duty of the court to uphold the statute when the conflict between it and the Constitution is not clear, and the implication always exists that no violation of the Constitution has been intended by the Legislature. Further, whenever an act of the Legislature can be so considered and applied as to avoid a conflict with the Constitution and give to it the force of law, such construction should be adopted by the court; and all doubts which may exist as to whether the statute is or is not constitutional should be resolved in favor of the constitutionality of the same.

[2-4] In construing statutes, if the meaning thereof is doubtful, the title, if expressive, may have the effect to resolve the doubts by extension of the purview or by restraining it, or to correct an obvious error. Sutherland's Stat. Const. vol. 2, § 339; 36 Cyc. 1133. The title of the act in question is very comprehensive and shows clearly that it was the intention of the Legislature only to compensate Mr. Sedillo for the extra work performed by him in and about the translation and preparation, of the prefatory and supplementary matter to the Code for publication in Spanish. The body of the act says that the appropriation is made "on account of expenses sustained and extra work done and services performed by him in connection with the translation," etc. It clearly appears from the language used that the Legislature was attempting to compensate him for extra work and extra service performed and rendered outside the scope of his original employment. The title of the act plainly shows the legislative intent, and, reading the act in connection with the title, it is clearly apparent that the Legislature did not give appellee extra compensation for services rendered. The title set forth the work done by him, and in the act says he shall be compensated for work done "in connection with the translation." The language was not apt, it is true, as it suggests a doubt

as to whether the services rendered were a part of the translation for which the previous appropriation was made, but this doubt is removed by a reference to the title of the act. The services performed by Mr. Sedillo are substantially in the same status as though the secretary of state, being required to publish a codification of the laws in Spanish without any provision for payment for the necessary translation, had employed Mr. Sedillo or any other competent person to do the work, and the Legislature had then made an appropriation to pay for the services rendered.

Appellant cites in support of his contention that the statute is unconstitutional, Robinson v. Dunn, 77 Cal. 473, 19 Pac. 878, 11 Am. St. Rep. 297; State v. Williams, 34 Ohio St. 218; People v. Spruance, 8 Colo. 307, 6 Pac. 831; Carpenter v. State, 39 Wis. 271. A reading of these cases, however, will show that they are not in point, the majority of them having to do with attempts on the part of the Legislature to give extra compensation to officers or employes of the Legislature for performing services which it was their duty to perform under their employment.

For the reasons stated, the judgment of the court below will be affirmed; and it is so ordered.

PARKER, J., concurs.

HANNA, C. J. (dissenting). I dissent from the majority opinion, not for the reason that I disagree with the legal principles announced, but because I do not believe that these principles should be applied to the facts of this case. It is apparent that the constitutional provision under consideration is violated if we are to compare the acts of 1915 and 1917 without reference to the title of the later act. The majority opinion points out that in construing statutes, if the meaning thereof is doubtful, the title if expressive may have the effect to resolve the doubts by extension of the purview, or by restraining it, or to correct obvious error. 36 Cyc. at

page 1134, after announcing the rule in substantially the language of this opinion, goes further, and states that:

"Ordinarily, where the body of the statute is free from ambiguity, the meaning expressed therein must be given effect, without resort to the title; and in no event should the language of the title be permitted to control expressions in the enacting clause in conflict therewith."

.It is my opinion that this qualification of the rule announced in the majority opinion is violated, and that the act of 1917 is free from ambiguity, and clearly in conflict with the act of 1915, and that resort to the title, which is here had, has the effect of violating or making ineffective the language of the 1917 act, which clearly appropriates money for "services performed by him in connection with the translation and preparation for publication of the 1915 codification of the laws of New Mexico," which was the same thing for which the appropriation in the act of 1915 was made, thereby doing violence to section 27 of article 4 of the state Constitution.

For the reasons stated, I dissent.