No. 10,793.

CAMBELL *v.* SHIPLEY.

Decided February 4, 1924.

Action by broker for commission on sale of real estate. Judgment for plaintiff.

*Affirmed.*

On Application for Supersedeas.

1. APPEAL AND ERROR—*Court Questions—Fact Findings.* The credibility of witnesses and the weight of evidence are within the peculiar province of the trial court, whose findings of fact, supported by evidence, will not be disturbed on review.

2. VARIANCE—*Pleading and Proof.* The contention that there was a fatal variance between the allegations of the complaint and the proof, considered and overruled.

3. PARTIES—*Substitution.* Where it appeared that a party had ceased to have any interest in a transaction before the institu-

tion of suit thereon, in which he was named as a plaintiff, it is held there was no error in striking his name from the complaint.

4. APPEAL AND ERROR—*Harmless Error.* Reversible error may not be predicated on rulings of the trial court, which neither injure the complaining party, nor effect his substantial rights.

*Error to the District Court of Delta County, Hon. Thomas J. Black, Judge.*

Mr. MILLARD FAIRLAMB, for plaintiff in error.

Mr. MORTIMER STONE, Mr. C. H. STEWART, Mr. A. A. CLEMENTS, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

SUIT brought to recover a commission for the sale of real estate. The defendant in error, Shipley, as plaintiff in the court below, and so designated here, had judgment, and plaintiff in error, defendant in the court below, and here so designated, brings the case here for review, and asks for a supersedeas.

The suit was instituted by Shipley & Forcum, as a copartnership, but during the progress of the proceedings Forcum's name was stricken, and Shipley's substituted as sole plaintiff.

The complaint alleges, *inter alia:* "That on or about February 15th, A. D. 1920, the defendant solicited and employed the plaintiffs to assist him in finding a purchaser for and making a sale of two certain tracts or parcels of ground in Delta county, * * * and the defendant promised and agreed that if plaintiffs would procure a purchaser for the said lands, * * * that then said defendant would pay to the plaintiffs, as a commission for the sale of said property, and for their services therein performed, five (5%) per cent. of the gross sale price of said property. * * * The plaintiffs procured a purchaser for the said premises, and the defendant sold and conveyed to the said purchaser both tracts of land."

During the trial plaintiff withdrew any claim for commission for the sale of the tract known as the home place of defendant.

The defendant claims that the land sold had been listed for sale with a number of other agents, among them one Alderson, and that the sale was effected by Alderson, and the commission paid to him.

The alleged errors are: (1) That the findings and judgment of the court are contrary to, and not supported by, the evidence, and are contrary to law. (2) The court erred in holding that the contract between plaintiff and defendant was, that plaintiff was only to find a purchaser, while the complaint alleged that plaintiff was to find a purchaser and make a sale. (3) That the court should not have permitted a departure from the complaint by the substitution of a new cause of action, and erred in permitting Forcum's name to be stricken, and substituting Shipley as the sole plaintiff.

The evidence appears to have quite clearly established that the agency contract between plaintiff and defendant was, that defendant would pay the plaintiff a commission, if plaintiff procured a purchaser to whom defendant should sell the ranch.

The trial court found generally for the plaintiff, which necessarily included the following: That the ranch property in question, had been listed by defendant with plaintiff and with other agents, including one Alderson; that the contract of agency with the plaintiff, was to find a purchaser; that plaintiff was the first agent to call defendant's property to the attention of the purchaser; that he was the first to describe to the purchaser the land, its characteristics, and value; that he was the first to introduce the defendant to the purchaser; that thereafter defendant concluded to, and did, sell to the purchaser at the price given the purchaser by the plaintiff, and that the purchase would not have been made, had it not been for plaintiff's efforts; in other words, that the plaintiff was the efficient and procuring cause of the sale.

It appears from the evidence that a short time after plaintiff introduced defendant to the purchaser, the ranch property, together with the residence or home place of the defendant, were sold and conveyed by defendant to the purchaser, the transaction being concluded in Denver, between the parties themselves, without the presence or aid of either Alderson or the plaintiff. There is also evidence that before meeting the plaintiff, Ford, the purchaser, had met Alderson, and Alderson had agreed to divide commission with Ford, on any sale made to him, or to any purchaser he might bring to Alderson; also that when the sale of the Cambell property was finally consummated in Denver, it was agreed between Ford and defendant that Ford should hold out of the purchase price, the commission $750, and settle the same with Alderson. It should be here stated that the arrangements between the defendant and Ford, and between Alderson and Ford, relative to the commission, and that Alderson was in any way connected with, or interested in, the sale of defendant's property to Ford, were concealed from the plaintiff.

The principal contention of defendant, and the one most ably and vigorously argued in defendant's brief is, that Alderson was the efficient and procuring cause of the sale; that the sale would not have been effected, but for the fact that Alderson had agreed to divide the commission with Ford, together with the further fact that, as defendant claims, Alderson first suggested and brought about the sale of defendant's home place to Ford, without which Ford would not have purchased the ranch.

We have carefully examined the evidence and find sufficient to sustain the findings and judgment of the court. There was evidence from which the court could, and doubtless did, find, that Alderson had nothing to do with bringing the attention of Ford, to defendant's home place, and also that Alderson's agreement to divide the commission with Ford, was not the inducing cause of the sale.

It was within the peculiar province of the trial court to determine the weight to be given to the evidence, and to

judge of the credibility of the witnesses, and the court made it clearly manifest that .it was not favorably impressed with the character of the testimony produced by defendant, and believed the evidence produced by the plaintiff.

The defendant cites a number of cases in support of his position, but an examination of the cases cited discloses that they are not applicable to the facts, as found by the court, in the instant case. The feature of the case here which particularly distinguishes it from any of the cases cited, is, that in the instant case, there is evidence, and the court found, that defendant's contract of agency with plaintiff, was to procure a purchaser, and there is evidence to show, and the court found, that he did.

As to the second alleged error it may be said that there was no material, or fatal, variance between the allegations of the complaint and the proof, as the complaint alleged, and the proof conformed thereto, that the plaintiff would be entitled to the commission, if he procured a purchaser, and a sale was made.

Defendant complains of the action of the court in permitting the plaintiff to strike Forcum's name, and the substitution of Shipley, as the sole plaintiff, and complains that the court permitted a departure from the complaint by the substitution of a new cause of action. It appears that plaintiff and Forcum were copartners in the real-estate business at the time defendant listed his property with them for sale; that afterward, and before the institution of this suit, there was a dissolution of the partnership, and Forcum verbally assigned his interest in the commission sued for, to the plaintiff, and at the commencement of the action, Forcum had no interest therein.

There was no new cause of action substituted and there was no departure. The defendant was in no wise injured, nor was any substantial right of the defendant affected by the ruling of the court. Code sections 81 and 84 are authority for the court's action.

Finding no error in the record, the supersedeas is denied, and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL. concur.