**59 P.(2d) 902**

## STATE v. MOORE.

### No. 4194.

Supreme Court of New Mexico.

June 29, 1936.

George R. Craig, of Albuquerque, for appellant.

Frank H. Patton, Atty. Gen., and J. R. Modrall, Asst. Atty. Gen., for the State.

ZINN, Justice.

W. P. Waller testified at the preliminary hearing where the appellant was bound over to the district court. At the time of the jury trial, this witness was absent and refused to return to the state to testify against appellant. Thereupon his testimony given at the preliminary hearing was admitted into evidence. Without this evidence the prosecution would not have been able to secure a conviction. This appeal is.

prosecuted from the conviction and sentence of appellant so obtained.

Though three points are argued, they may be summed·up in one.

In a criminal case, may the transcript of the testimony of a witness, absent from the state, given at the preliminary hearing where the accused was bound over, be read into evidence before the jury at the trial?

Appellant contends there is no authority, either by statute, the Constitution, or at common law for the admission of such evidence. We see no need of discoursing at length. This question has already been urged upon us before and decided by this court contrary to the appellant's contention. 1929 Comp.St. § 45-407, authorizes the testimony of any witness taken in any court in this state to be used in a subsequent trial when after diligent effort has been made to ascertain the whereabouts of the witness, he cannot be found. Section 45-407 is merely declaratory of the common law. State v. Trujillo, 33 N.M. 370, 266 P. 922. The testimony was therefore admissible either under the statute or under the common law. Section 45-407 does not contravene the constitutional right of one accused of crime of being confronted with the witnesses against him. State v. Jackson, 30 N.M. 309, 223 P. 49.

Appellant argues, however, that Laws 1925, c. 144, § 8, as amended by Laws 1927, c. 132, § 1, being 1929 Comp.St., § 35-4508, repeals that part of § 45-407 which authorized the admission of the testimony of the witness.

Said section 45-407 was section 7 of Laws 1919, c. 29, the title of which reads as follows: "An Act to Provide for the Taking of Testimony Out of Court by Oral Examination, and for the Use of Testimony Taken at Former Trials or Hearings."

1929 Comp.St., § 35-4508, which provides for the examination of witnesses at the preliminary hearing, was section 8 of Laws 1925, c. 144, as amended by section 1, Laws 1927, c. 132, the title of which is as follows: "An Act Vitalizing the Recent Amendment of the Constitution Providing for the Trial of an Accused in Criminal Cases Prior to His Commitment to the District Court."

It seems that the two statutes overlap in some respects because § 35-4508 provides in part that the witness must be examined in the presence of the defendant, and may be cross-examined by him. On the request of the prosecuting attorney or of the defendant, all the testimony must be reduced to writing in the form of questions and answers, and signed by the witnesses, or the same may be taken in shorthand and transcribed without signing, and in both cases filed with the clerk of the district court, and may be used for impeachment purposes and for use when the witness dies after said hearing and before the trial thereof in the district court. The two statutes, however, are to be construed together to arrive at the intent of the Legislature. We have herein set out

the title of the two acts. These are an aid to determine the legislative intent and to resolve any doubts as to their meaning. State ex rel. Sedillo v. Sargent, 24 N.M. 333, 171 P. 790. The 1925 act was passed immediately after the adoption of a constitutional amendment providing for prosecutions by information of the district attorney in lieu of grand jury indictments. N. M. Const. art. 2, § 14.

■ This act, in eight sections, attempted to set forth, step by step, the procedure to be followed by committing magistrates and the prosecuting attorney in all cases where it was contemplated that the prosecution would be founded on an information. It did not in any manner repeal the common or statutory law relating to the introduction of the testimony of absent witnesses who had theretofore testified at a preliminary hearing where the accused had had an opportunity to cross-examine such witness. The 1925 act is a general statute outlining certain procedure to be followed as therein prescribed. It does not in terms repeal the existing law, section 45-407. Repeals by implication are not favored.

The 1925 act by its terms (section 8, par. 1) appears to limit the use of the transcribed testimony for impeachment purposes and for use when the witness dies before the trial.

■ Vitalizing a constitutional amendment and an act permitting the introduction of testimony of a witness given at a former hearing are distinct acts, intended for separate and distinct purposes. Where there is an apparent conflict between the two acts, without any repeal, the two will be reconciled. The Legislature did not in any manner indicate any intention to repeal the existing law providing for the taking of testimony out of court by oral examination for use at subsequent hearings. We cannot read such intention into the law.

■ In discussing the 1919 statute subsequent to the passage of the 1925 statute, we said that: "The statute creates no new right or remedy. It is declaratory of common law fully established in this jurisdiction. It is affirmative in form. No negative is expressed or implied. Such a statute does not 'take away the common law in relation to the same matter.' Lewis, Sutherland Stat.Const. §§ 329–331; 36 Cyc. 1115; 25 R.C.L. 'Statutes,' § 280." State v. Trujillo, 33 N.M. 370, at page 376, 266 P. 922, 925.

The Trujillo Case was decided February 10, 1928, some three years after the passage of the 1925 act. The same language may be used in regard to the 1925 statute for it does not, by its terms, express any negative but is affirmative only. In no part of this law do we find any term or phrase which would indicate an intent of the Legislature to prohibit the use of the testimony of a witness at a preliminary hearing who later absents himself or becomes insane. In the Trujillo Case, supra, as here, the testimony introduced was of evidence at the preliminary hearing in the same action.

For the reasons given, the judgment and sentence of the district court will be. affirmed, and it is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and BRICE, JJ., concur.