ARROW BUILDERS SUPPLY CORP., A NEW YORK CORPORATION, PLAINTIFF-APPELLANT, v. HUDSON TERRACE APARTMENTS, INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.

BERGEN BUILDING BLOCK, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. HUDSON TERRACE APARTMENTS, INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.

Decided June 21, 1954.

For the rehearing: *Mr. Aaron Heller* (*Messrs. Heller & Laiks*, attorneys).

In opposition: *Messrs. Harry Phillipson and Frank G. Alster.*

The opinion of the court was delivered

PER CURIAM. In this matter the court recently filed its opinion expressly overruling *Mills &c. Co. v. Hegeman-Harris Co.*, 94 *N. J. Eq.* 802 (*E. & A.* 1923). See 15 *N. J.* 418

(1954). The respondent, by petition for rehearing, seeks a determination that the overruling is to have prospective rather than retrospective application.

Our courts have adhered to the prevailing common-law doctrine that the overruling of a judicial decision is retrospective in nature. See *Fox v. Snow*, 6 *N. J.* 12, 14 (1950); *Ross v. Board of Chosen Freeholders of Hudson County*, 90 *N. J. L.* 522, 527 (*E. & A.* 1917). However, in the well-known companion cases of *Montana Horse Products Co. v. Great Northern Ry. Co.*, 91 *Mont.* 194, 7 *P. 2d* 919 (1932) and *Sunburst Oil & Refining Co. v. Great Northern Ry. Co.*, 91 *Mont.* 216, 7 *P. 2d* 927 (1932), the Montana Supreme Court allowed recovery on the basis of an earlier decision which it then proceeded to overrule prospectively; and on *certiorari* the United States Supreme Court in an opinion delivered by Justice Cardozo held that this action did not violate any provision of the Federal Constitution. See *Great Northern R. Co. v. Sunburst Oil & Ref. Co.*, 287 *U. S.* 358, 53 *S. Ct.* 145, 77 *L. Ed.* 360 (1932). Since then there has been much written on the issue of whether the overruling of a prior decision upon which the litigant has guided his conduct should not justly be confined to future transactions. *Cf. Note, The Effect of Overruled and Overruling Decisions on Intervening Transactions*, 47 *Harv. L. Rev.* 1403 (1934) with *Stare Decisis—The Montana Doctrine*, 13 *Mont. L. Rev.* 74 (1952). See *von Moschzisker, Stare Decisis in Courts of Last Resort*, 37 *Harv. L. Rev.* 409, 426 (1924); Justice Cardozo in *Hall, Selected Writings of Benjamin Nathan Cardozo, p.* 36 (1947). However, we need not concern ourselves with the conflicting social and individual considerations which have been advanced since we are satisfied that the respondent is in no position to assert reliance on the overruled decision.

In 1934 the Court of Errors and Appeals in *St. Michael's Orphan Asylum and Industrial School of Hopewell v. Conneen Constr. Co.*, 114 *N. J. Eq.* 276 (*Ch.* 1933), affirmed 115 *N. J. Eq.* 334 (*E. & A.* 1934), largely nullified the decision in *Hegeman-Harris*. After *Conneen* was decided no

one could reasonably assert that *Hegeman-Harris* remained wholly unimpaired. Indeed, in *Noland Co., Inc. v. Chelsea Housing Corp.*, 64 *N. J. L. J.* 469 (1941), United States District Court Judge Avis took the position that *Hegeman-Harris* had been overruled by *Coneen*, and although the Circuit Court of Appeals disagreed with him (128 *F.* 2d 872 (*C. C. A.* 3 1942)) no appellate state decision ever reaffirmed *Hegeman-Harris*. Under the circumstances it seems entirely evident that after *Conneen* there existed no clear or settled construction of the pertinent provision of the Mechanics' Lien Law upon which reliance could justifiably be placed. The record contains nothing whatever to suggest that the respondent actually disregarded the timely stop notices served upon it by the materialmen and made later payment to the contractor in continued, though mistaken, reliance upon *Hegeman-Harris*; in any event, we consider that the retrospective application of the overruling of *Hegeman-Harris*, in the instant matter, does no injustice to the respondent or any others similarly situated.

The petition for rehearing is denied.

*For denying petition*—Chief Justice VANDERBILT, and Justices WACHENFELD, BURLING, JACOBS and BRENNAN—5.

*Opposed*—Justices HEHER and OLIPHANT—2.