333 P.2d 877

EDWARD H. SNOW CONSTRUCTION COMPANY, Inc., a domestic corporation, Western Investments, Inc., a domestic corporation, and Elmer T. Lewis, an individual, Petitioners-Appellants,

v.

The CITY OF ALBUQUERQUE, a municipal corporation, The City Commission of The City of Albuquerque, and its members, Maurice Sanchez, Chairman, Lars Halama, Richard A. Bice, Charles S. Lanier, and William W. Atkinson, and The City Planning Commission of the City of Albuquerque, Respondents-Appellees.

No. 6469.

Supreme Court of New Mexico.

Dec. 29, 1958.

Hannett, Hannett & Cornish, Albuquerque, for appellants.

Frank L. Horan, Malcolm W. deVesty, Paul F. Henderson, Jr., Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellees.

COMPTON, Justice.

This is an appeal from an order of the District Court of Bernalillo County quashing Writ of Certiorari previously granted by it.

The appeal stems from the action of the City Commission in enacting Ordinance No. 1281, rezoning a tract of land belonging to the University of New Mexico from Residential 1 to Commercial 2 classification. Appellants, Lewis and West Investments, Inc., are the owners of residential property adjacent thereto. Appellant, Edward H. Snow Construction Company, Inc., is developing a shopping center nearby. They alleged in their petition that the zone change was illegal and void, setting forth numerous grounds of illegality.

The writ was granted November 21, 1957. Appellees were directed to certify to the clerk of the court a transcript of the proceedings had in connection with the rezoning on or before December 10, 1957, and this was done. They were also directed to file return and serve the same upon appellants' attorney within 30 days. Thereafter, on March 10, 1958, returns to the writ were made and served.

Meanwhile, on December 20, 1957, appellees filed a motion to quash the writ and dismiss the petition for failure to state grounds of relief. The basis for the motion is that the action of the governing body constitutes a legislative determination and as such is not reviewable by certiorari. At a hearing held on the motion, the trial court concluded that it had exceeded its jurisdiction in granting the writ and entered an order vacating the same. The action of the trial court in so doing is here for review.

The tract in question was originally zoned Residential 1, November 17, 1953, by Ordinance No. 880. In 1955, it was amended by Ordinance No. 1062. As amended the tract was divided into 10 separate zone classifications. Thereafter, in July 1957, an application was made by the Board of Regents to the City Commission to rezone the entire tract as Commercial 2. The application was referred to the City Planning Commission for its report and recommendation. Appellants immediately protested, after which the Planning Commission conducted a public hearing thereon at which appellants actively participated. In due time the Planning Commission submitted its report to the City Commission with a recommendation that the application be granted. A public hearing was held by the City Commission and again appellants protested. Nevertheless, the recommendation was accepted and the questionable ordinance enacted.

The question is whether certiorari is available to review the action of the City Commission. The parties agree that the common-law writ of certiorari does not lie as the function of that ancient writ is to review acts of inferior courts or tribunals acting in a judicial or quasi-judicial character. State ex rel. Sisney v. Board of County Commissioners of Quay County, 27 N.M. 228, 199 P. 359. So, if the right of review exists at all, authority therefor must be found in the statute.

The pertinent provisions of the applicable statute read:

"An act to enable the governing bodies * * * to adopt and enforce zoning ordinances * * * within their limits * * *"

"Sec. 14–28–14. In order better to avail itself of the powers conferred by this act, such legislative or governing body may appoint a commission, to be known as the Zoning Commission, to recommend boundaries * * * *or such legislative or governing body may itself act as the zoning commission;* but in all cases such commission shall make a preliminary report and hold a public hearing thereon, and such legislative or governing body shall not take final action until after the submission of such preliminary report and hearing had thereon * * *." (Emphasis ours)

"Sec. 14–28–15. Such local legislative or governing body shall have the power to sit for the hearing and decision of appeals, where it is alleged there is error in any order, requirement, decision or determination by an administrative official, commission, or committee, in the enforcement of this act or any ordinance, rule or regulation adopted pursuant to the same * * *."

"Sec. 14–28–16. Any person * * * aggrieved by any decision of the local legislative or governing body, *when sitting for the purpose of hearing and deciding appeals,* or when sitting with original jurisdiction as the zoning commission * * * may present to a court of competent jurisdiction a petition * * * setting forth that such decision is illegal * * *." (Emphasis ours)

We see there are only two instances in which statutory certiorari may be availed of to review the action of the governing body, (a) when it is sitting for the purpose of hearing and deciding appeals, and (b) when the commission itself is exercising original jurisdiction as the zoning commission. Admittedly, the City Commission was not sitting with original jurisdiction as the zoning commission.

But the point is made that the City Commission in this instance was sitting for the purpose of hearing and deciding an appeal. Unquestionably, the governing body of a municipality may review an appeal, decisions and determinations of its administrative boards and officials, but was there a decision or a determination here for review? We think not; there was no appeal taken to the governing board. The action taken by the Planning Commission was a mere recommendation, ineffective unless approved by the governing body. A recommendation is neither a decision nor a determination in the sense the words are used in the zoning statute. Brandon v. Board of Commissioners of Town of Montclair, 124 N.J.L. 135, 11 A.2d 304; Grabosky v. McLaughlin, 36 Pa.Dist. & Co.R. 215. Compare also Parkplain Realty Corp. v. Town Board of the Town of Hempstead, Sup., 137 N.Y.S.2d 474.

In Grabosky v. McLaughlin, supra, the court in dealing with a like question, said:

"Such action is no more a 'decision' in the sense in which the word is used in the zoning statute than would be a report of the ways and means committee to Congress upon a proposed piece of legislation."

We conclude that appellants had no statutory right to review by certiorari the action of the City Commission in enacting the rezoning ordinance

Another point argued is that appellees had defaulted in making their returns within the time directed by the court, and con-

sequently, the court erred in sustaining the motion to dismiss, citing State v. Rosenwald Bros. Co., 23 N.M. 578, 170 P. 42; Wood v. Beals, 29 N.M. 88, 218 P. 354; Swallows v. City of Albuquerque, 61 N.M. 265, 298 P.2d 945. The argument is not well taken; the conclusion that the trial court was without jurisdiction to grant the writ, is also conclusive of this question.

The order dismissing the writ should be sustained. It is so ordered.

LUJAN, C. J., McGHEE and SHILLINGLAW, JJ., and DAVID W. CARMODY, District Judge, concur.