402 P.2d 954

Rene MARTIN, Plaintiff-Appellant,

v.

LEONARD MOTOR–EL PASO, a corporation, and Leonard Motor Company, Inc., a corporation, Defendants-Appellees.

No. 7600.

Supreme Court of New Mexico.

June 1, 1965.

---

Smith, Kiker & Ransom, David H. Kelsey, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, James A. Parker, Albuquerque, for appellees.

NOBLE, Justice.

The plaintiff has appealed from a judgment dismissing his complaint pursuant to Rule 41(e) (§ 21-1-1(41)(e), N.M.S.A. 1953).

The complaint, filed June 7, 1961, was dismissed by the court on August 21, 1963, without prejudice for lack of prosecution, but was reinstated on the docket November 5, 1963, by order of court. The defendant now argues for the first time on appeal that the district court lost jurisdiction of the case thirty days after its order of dismissal on August 21, 1963; that it was without jurisdiction to reinstate the case; that all proceedings thereafter, including the 41(e) dismissal, were void; and, that this court is consequently without jurisdiction to review the 41(e) dismissal.

The August 21, 1963 dismissal was no doubt under the court's inherent power, City of Roswell v. Holmes, 44 N. M. 1, 96 P.2d 701, and was unquestionably a final judgment. Nevertheless, courts are authorized by Rule 60(b) (§ 21-1-1(60) (b), N.M.S.A.1953) to relieve a party from any final judgment for good cause shown. We realize that Rule 60(b) provides that the relief therein provided may be granted "on motion * * *" and that no motion was filed in this case. However, the judge can initiate relief from a judgment or order under Rule 60(b) on his own motion, Mc-Dowell v. Celebrezze (C.C.A. 5), 310 F.2d 43, and, since the obvious purpose of the motion is to direct the court's attention to the necessity for relief, the rule does not deprive the court of the power to act in the interest of justice when attention has been called to the need by means other than a motion. United States v. Jacobs (C.C.A. 4), 298 F.2d 469. See 7 Moore on Federal Practice (2nd Ed.) § 60.28(3), and authorities cited under note 6. Furthermore, § 21-9-1, N.M.S.A.1953, does not conflict with the right to grant relief from judgments under Rule 60(b), since that statute only restored to district courts

the absolute control they had over their judgments during the term at which they were entered. Kerr v. Southwest Fluorite Co., 35 N.M. 232, 294 P. 324; Fairchild v. United Service Corp., 52 N.M. 289, 197 P.2d 875. We conclude that the trial court acted within its jurisdiction in re-instating the case on the docket.

Turning our attention to the 41(e) dismissal, it appears that more than two years after the filing of the complaint, but before the defendant moved to dismiss, the plaintiff filed a written motion requesting the court to set the case for trial on the merits. Written interrogatories were propounded to defendant at the same time and were later answered. Thereafter, on January 17, 1964, plaintiff filed a request for an admission of fact but, on the same day, defendant filed its written motion for dismissal under Rule 41(e).

The facts of this case require us to decide whether action taken to bring the case to its final determination more than two years after the filing of the complaint, but prior to a written motion to dismiss, prevents dismissal under the rule.

■ The language of Rule 41(e) clearly does not justify an automatic dismissal upon the expiration of two years after the filing of the complaint or cross-complaint, even though the party has done nothing to bring the action to its final determination. Rule 41(e) states, insofar as is pertinent, that:

"* * * any party * * * may have the same dismissed with prejudice * * * by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

Before the court is empowered to dismiss for lack of diligence, the party must elect to invoke his right to compel a dismissal and must manifest such election by filing a written motion to dismiss.

■■ We said in Western Timber Products Co. v. W. S. Ranch Co., 69 N.M. 108, 364 P.2d 361, that a showing of diligence in the court file by motion seeking action by the court to bring the case to its final determination satisfies the requirement of the rule. It is evident from a reading of the rule itself that when the requisite action is taken to bring the case to its final determination, Rule 41(e) is satisfied. Of course, we make no attempt to fix a standard of what action is sufficient to satisfy the requirement of the rule, for each case must be determined upon its own particular facts and circumstances.

■ We think it clear that the rights afforded by the rule are intended to expedite the prosecution of litigation in our courts, and that to be effective in accomplishing that purpose, the defendant may not sleep upon such rights and permit a party to continue prosecution of a case which is subject to being dismissed upon

motion, expending both time and money, Pollack v. Pollack (Fla.App.), 110. So.2d 474, and particularly to take action to bring the case to its final determination, and then press for a dismissal. The record here discloses that, even though more than two years after the filing of the complaint, but prior to the time the defendant moved to dismiss under 41(e), the plaintiff filed a motion requesting a trial setting, immediately propounded interrogatories to the defendant (which were answered), and filed a request for an admission of fact.

We need not determine whether the filing of interrogatories by plaintiff and their answer by defendant, after expiration of the two-year period, was sufficient to estop defendant from meritoriously filing a motion to dismiss, within the rule of Western Timber Products Co. v. W. S. Ranch Co., supra, because it cannot be denied that the filing of the motion for a trial setting on the merits amounted to action by the plaintiff to bring the case to its final determination, and that such action came before the defendant elected to invoke his right to dismissal.

 While we have said that mere failure to file a motion for dismissal immediately upon the expiration of the two-year period does not constitute a waiver of the right to invoke dismissal, Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298, the rule nevertheless requires that the defendant elect whether to invoke his right before the plaintiff has taken the requisite action to bring the case to its final determination. The defendant slumbered while the plaintiff satisfied the requirements of Rule 41(e) and, therefore, his subsequent motion for dismissal came too late.

We have examined each of our decisions concerning the right to a dismissal under Rule 41(e) and do not find that any of them require a result different from that which we reach.

It follows that the judgment dismissing the plaintiff's complaint with prejudice under the provisions of Rule 41(e) should be reversed and the case remanded with instructions to proceed further in a manner not inconsistent with this opinion.

It is so ordered.

CARMODY, C. J., and CHAVEZ and COMPTON, JJ., concur.

GEORGE L. REESE, Jr., D. J., concurring specially.

GEORGE L. REESE, Jr., District Judge (concurring specially).

The majority opinion does not specifically overrule Ringle Development Corp. v. Chavez, 51 N.M. 156, 180 P.2d 790, and cases based thereon, but I suggest that there is an apparent inconsistency in the inter-

pretation which the court now gives to Rule 41(e) and that given it in Ringle Development Corp. v. Chavez. The majority now hold that the rule requires the defendant to file his motion to dismiss before the plaintiff has taken the requisite action to bring the case to its final determination, regardless of the date when the action was commenced. This holding is not contrary to the holding on the factual situation in that case or to that in many subsequent decisions which follow it. However, the present holding cannot be consistent with the prior announcements that Rule 41(e) is, in effect, a statute of limitation, requiring a plaintiff, absent legal inability or excuse, to bring his case to trial within a period of two years after the complaint is filed or suffer dismissal with prejudice.

The majority opinion is based upon the provisions of the rule which are to the effect that it becomes operative only when the defendant elects to file a written motion requesting dismissal and that a defendant cannot slumber on his right to file such a motion, permit the plaintiff to take the requisite action to bring his case to its final determination, and thereafter successfully press his motion. With this interpretation of the rule, I agree, but I can foresee nothing but future 'controversies which must be resolved as to what "requisite action" means. I would prefer to overrule Ringle Development Corp. v. Chavez and

all subsequent decisions which are based upon it.

The rule, by its terms, extends only to a situation where the plaintiff has "failed to take action." One cannot "fail" to take action unless action is permissible within the rules of practice and procedure. Under existing rules, there is no method provided by which a plaintiff can have his case tried within any certain time. In the instant case there was a motion filed requesting the district court to set the case for trial on the merits. The case was not at issue. Motions filed by the defendants had not been disposed of. No answer has been filed by either defendant. The rules do not provide a method of having motions heard by the court. The rules do not provide a method of having cases set for trial on the merits. The district court of the second judicial district had not established regular motion days, as contemplated by Rule 78, nor had it provided a method of setting cases for trial as required by Rule 40. There is no rule providing for the filing of motions for trial settings, either of motions or of cases on their merits.

In the light of a total absence of any rules of procedure from whence comes the authority of this court to say that a letter to the judge or an oral request is less effective as "action" to bring a case to its final determination, than a motion filed request-

ing a setting? In Pettine v. Rogers, 63 N.M. 457, 321 P.2d 638, and Schall v. Burks, 74 N.M. 583, 396 P.2d 192, this court said that the file itself must reflect the requisite action, but there is no provision to this effect in Rule 41(e).

I would call attention to the fact that Rule 41(e) is a mere continuation by the Supreme Court, under its rule making power, of Chapter 121, Laws 1937, the title to which reads:

"An Act to Provide for the Dismissal With Prejudice Of Civil Actions or Proceedings in the District Courts of This State Where No Action Has Been Taken Towards The Termination Thereof by The Plaintiff Therein, or by the Defendant Upon a Cross-Complaint, for at Least Two Years; and Providing That the Filing of a Motion By Any Party To Any Such Action or Proceeding for the Dismissal Of Such Action Shall Not Be Deemed a General Appearance In Said Action."

I would point out that the title does not give any hint that the Act itself includes any requirement that actions are to be dismissed unless brought to trial within two years from filing date. I would then demonstrate that the Act itself, Rule 41(e), does not by its terms lend itself to the erroneous construction so often repeated in the decisions of this court, that dismissal is required where a case has not been brought to trial within a period of two years from date of filing unless the time is tolled by written stipulation or for reasons enumerated in Ringle Development Corp. v. Chavez, supra.

The Act, Rule 41(e), provides for dismissal when it shall be made to appear by written motion filed by the defendant:

"[T]hat the plaintiff therein * * * has failed to take *any* action to bring such action * * * to its final determination *for* a period of *at least* two years after the filing of said action * * *." (Italics mine.)

To bring the language of the rule within range of the construction heretofore given it by the court, the words underscored above must all be deleted and the word "within" must be added immediately preceding the words "a period."

Viewing the body of the Act in the light of the title, it seems clear to the writer that Rule 41(e) is purely and simply a nonaction statute and gives to a defendant an optional right to move for dismissal where the plaintiff has failed to take any action towards the termination of the case for at least two years immediately prior to the filing of the motion. Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312; and see Gilman v. Bates, 72 N.M. 288, 383 P.2d 253.

To delete words in a statute is in violation of the rule which makes it the duty

of the court to give full effect to all the language embraced therein. Corondoni v. City of Albuquerque, 72 N.M. 422, 384 P.2d 691. To read language into a statute of plain meaning and import is likewise wrong. Griffith v. Humble, 46 N.M. 113, 122 P.2d 134.

The title to the Act may certainly be considered in resolving any doubt concerning the meaning of the act. State ex rel. Sedillo v. Sargent, 24 N.M. 333, 171 P. 790; State v. Moore, 40 N.M. 344, 59 P.2d 902; Harriett v. Lusk, 63 N.M. 383, 320 P.2d 738.

The rule as formerly construed by the court could quite reasonably be argued as offending the New Mexico Constitution, Article IV, Sec. 16, because the title gives no hint that the Act provides for the mandatory dismissal of actions where not brought to trial within a period of two years after filing date unless the time is tolled by written stipulation or for reasons enumerated in Ringle Development Corp. v. Chavez, supra.

I would demonstrate the underlying fallacy in Ringle Development Corp. v. Chavez, supra, as stemming from an erroneous statement that Rule 41(e) is quite similar to the California Statute. The California Statute gives a discretionary power of dismissal on motion of the defendant, where plaintiff has failed for two years after answer *to bring the action to trial* and provides for

mandatory dismissal on motion of the defendant or *by the court on its own motion* unless the action *is brought to trial* within five years after answer filed. The California Statute as it existed when Ringle Development Corp. was decided is quoted in Romero v. Snyder, 167 Cal. 216, 138 P. 1002.

The two fundamental differences in the two statutes are: (1) a positive requirement in the California Statute that the action be brought to trial within five years after issue joined, as opposed to the New Mexico Statute or rule which merely provides for dismissal where the plaintiff fails to take action towards final determination for a period of two years, and (2) the requirement in the California Statute that the court dismiss on its own motion, as opposed to the New Mexico Statute or rule which leaves the court powerless unless the defendant elects to file a written motion.

In Vigil v. Johnson, supra, this court cited cases from Washington, West Virginia, Louisiana, Delaware and Florida in all of which the courts were dealing with statutes or rules more nearly like ours than is California's, and I would recognize the error in following California cases rather than compound it by ignoring the obvious.

I would not ignore the salutary rule embraced in the doctrine of stare decisis.

Baca v. Chavez, 32 N.M. 210, 252 P. 987. But, since Rule 41(e) is nothing but a procedural rule and does not affect the personal or property rights of anyone, I would give greater weight to the doctrine that the purpose of our legal system is to serve justly the needs of present day society and to accomplish this the court should correct judicial errors in decisions which embody erroneous statutory interpretations. Arrow Builders Supply Corp. v. Hudson Terrace Apt's., Inc., 15 N.J. 418, 105 A.2d 387, reh. den. 16 N.J. 47, 106 A.2d 271. This is particularly true when an erroneous interpretation may be in conflict with a provision of the Constitution. Carter-Jones Lbr. Co. v. Eblen, 167 Ohio St. 189, 147 N.E.2d 486, 68 A.L.R.2d 285.

I would point out the fact that courts have the inherent power sua sponte or on motion to dismiss claims which have not been prosecuted with reasonable diligence. City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701; Emmco Ins. Co. v. Walker, 57 N.M. 525, 260 P.2d 712; Pettine v. Rogers, supra. Such dismissals are, of course, ordinarily without prejudice.

I would also point out the fact that the right of a defendant to move for dismissal for failure of the plaintiff to prosecute with diligence is provided by Rule 41(b), and that a dismissal under this rule may be either with or without prejudice depending on the circumstances. Ringle Development Corp. v. Chavez, supra.

Thus, it is evident that the correction at this time of the erroneous construction and interpretation which this court has given to Rule 41(e) will not impede either the courts or the litigants in their proper objective of procuring trials on the merits as expeditiously as possible but will rather serve the purpose of removing a pitfall into which litigants may fall and lose their right to be heard on the merits of their claims.

In the light of the mounting backlog of untried cases, it is imperative, in my opinion, that diligence, or lack of diligence, in the prosecution of a case, be left to the determination of the trial courts in each particular case and that the positive right of a defendant to procure a dismissal with prejudice after at least two years of nonaction on the part of the plaintiff be tested by a determination as to just what action the plaintiff could have taken, within the applicable rules of procedure, to bring his case to trial. The dismissal of an action merely because it is not tried within two years, three years, or within any other fixed period after the filing of the complaint, amounts to an arbitrary denial of justice unless the plaintiff has *failed* to take some action, within the given period, which he could effectively take, and has thereby been guilty of a statutory abandonment of his claim.

I therefore express my concurrence in the result reached by the majority, but

228

file this concurring opinion in the hope that it may create a small crack in the armor of the opposition which with the passage of time will widen.